IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CASE NO.: 2:19-cr-40 |
| v. | |
| ALVARO HERNANDEZ, | |
| Defendant. | |

FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 1:35 pm, Dec 23, 2019*

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Alvaro Hernandez ("Mr. Hernandez") has been indicted and charged with one count of Attempted Coercion and Enticement in violation of 18.U.S.C. § 2422(b).  Doc. 1. Before the Court are two motions in limine filed by the Government, docs. 34 and 35.  For the reasons that follow, I **RECOMMEND** that the Court **GRANT** the Government's Motions, docs. 34 and 35.

**I.      Motion in Limine Regarding Argument of Impossibility (Doc. 34).**

In its first Motion, the Government asks the Court to issue an order prohibiting precluding any argument at trial that the victim in this case was not in fact a minor, and, thus, that Defendant is not guilty due to factual or legal impossibility.  Doc. 34 at 6.  At base, the Government seeks to prevent the Defendant from arguing impossibility based on the fact that Defendant was corresponding with an adult undercover law enforcement officer rather than an actual minor.  In support of its position, the Government points to authority demonstrating that a defendant can be convicted of the offense charged in this case even where the communications were with an adult, so long as the defendant believes he was communicating with a minor.  Id.

at 3–5.   In other words, the Government is not required to prove the presence of an actual minor to secure conviction under 18 U.S.C. § 2422(b).

Defendant responded to the Government's Motion, and states "Mr. Hernandez has no plans to argue impossibility as part of his defense" and that Defendant "has no objection to the Government's motion in limine regarding impossibility.   Doc. 8 at 1.

The Government's Motion is, therefore, properly supported and unopposed. Accordingly, I **RECOMMEND** that the Court **GRANT** the Government's Motion, doc. 34.   If the Court adopts my recommendation, Defendant shall not present any argument at trial that the victim in this case was not in fact a minor, and, thus, that Defendant is not guilty due to factual or legal impossibility.   The Government will, of course, still be required to prove every essential element of each offense charged at trial.

**II.      Motion in Limine Regarding Any Reference to Penalty or Punishment (Doc. 35).**

In its second Motion, the Government asks the Court to issue an order prohibiting Defendant, Defendant's counsel, and Defendant's witnesses from "directly or indirectly introducing evidence, asking questions or making any reference at any time during the trial, including voir dire and argument, to the penalty or punishment of the charges against the Defendant."   Doc. 35 at 1.   Defendant does not oppose the Government's second Motion in Limine.   Doc. 38.   Accordingly, I **RECOMMEND** that the Court **GRANT** the Government's second Motion in Limine, doc. 35.

## CONCLUSION

Based on the foregoing reasons, I **RECOMMEND** that the Court **GRANT** the Government's two motions in limine, docs. 34 and 35.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections on or before January 2, 2020. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of December, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA